IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CALVERT CHAPPELL, SR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 1:06-CV-2765-RWS |
| JOHN E. POTTER, : | |
| Postmaster General, : | |
| : | |
| Defendant. : | |

## ORDER

This case is before the Court for consideration of Defendant's Motion to Dismiss or Alternatively for Summary Judgment [10]. After reviewing the entire record, the Court enters the following Order.

## Background

On June 1, 2001, Plaintiff, an employee of the Postal Service, filed a claim with the Department of Labor, Office of Workers Compensation Programs ("OWCP") alleging that he suffered an on-the-job injury. On December 21, 2001, the OWCP issued an initial letter of denial for his work injury claim. Plaintiff requested a reconsideration of the initial decision on January 22, 2002. The reconsideration decision issued on April 25, 2002 and

AO 72A
(Rev.8/82)

denied any modification to the original decision. Thus, Plaintiff's original claim was denied.

On September 22, 2005, Plaintiff filed a claim for recurrence. When Plaintiff filed his recurrence claim, his supervisor, Ms. Hill, completed only part of the supervisor's portion of the recurrence form because she was not aware of his original injury. Because his original request for benefits had been denied, Plaintiff was not eligible to file an application for recurrence. Plaintiff asserts that Ms. Hill did not complete the supervisor's section of his recurrence claim because she was directed by Ms. Diane Austin not to complete the form. Plaintiff asserts that Ms. Austin gave this instruction in retaliation for Plaintiff's prior EEO activity. In spite of his ineligibility, the recurrence claim was submitted to OWCP.

OWCP notified Plaintiff by letter dated January 17, 2006, that because his original claim was never accepted, his claim for recurrence could not be adjudicated. Plaintiff filed an EEO administrative complaint of discrimination alleging, among other things, that Ms. Hill and others retaliated against him for prior protected activity in failing to complete his OWCP application for recurrence benefits. Plaintiff's administrative EEO claim was denied by the

2

agency. Plaintiff appealed the agency denial to EEOC, which affirmed the decision of the agency.

Plaintiff asserts that after complaining to his congressman, his claim was reviewed by the Department of Labor, and in October 2006, Plaintiff began receiving compensation.

## Discussion

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

3

The framework for analyzing a retaliation claim brought pursuant to Title VII is the same as that established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 n.6 (11th Cir. 2000). Under the McDonnell Douglas analysis, a plaintiff first must establish a prima facie case of retaliation. Id. at 802; Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254, 101 S. Ct. 1089, 67 L. Ed. 207 (1981); see Benson v. Tocco, Inc., 113 F. 3d 1203, 1207 (11th Cir. 1997) (plaintiff must produce sufficient evidence to support an inference that the employer based its decision on an illegal criterion to establish prima facie case). Establishing a prima facie case has the same effect as a presumption of unlawful discrimination; the employer cannot be silent but must come forward with evidence of a legitimate nondiscriminatory reason for its decision. 411 U.S. at 802; Chapman v. A.I. Transp., 229 F. 3d 1012, 1024 (11th Cir. 2000); Young v. Gen. Foods Corp., 840 F. 2d 825, 828 (11th Cir. 1988). This burden is "exceedingly light," as the employer "must merely proffer [non-discriminatory reasons], not prove them." Perryman v. Johnson Prods. Co., 698 F.2d 1138, 1142 (11th Cir. 1983). When a defendant expresses one or more legitimate reasons for the action, the presumption of discrimination evaporates, and a plaintiff must raise a genuine

4

issue of material fact as to whether the reasons offered by the defendant are pretextual. McDonnell Douglas, 411 U.S. at 804; Chapman, 229 F. 3d at 1024-25; Brown v. Amer. Honda Motor Co., 939 F. 2d 946, 946 (11th Cir. 1991) (requiring plaintiff to come forward with specific evidence demonstrating that the defendant's reasons are a pretext for discrimination after defendant offers sufficiently probative, credible, non-discriminatory reasons for its actions). If a plaintiff establishes a *prima facie* case and proffers sufficient evidence to allow a jury to disbelieve the employer's proffered reason for the action, that alone is enough to preclude summary judgment for the employer. Benson, 113 F. 3d at 1207.

Current Eleventh Circuit precedent requires the following elements to establish a *prima facie* case of retaliation: "The Plaintiff must show that (1) she engaged in statutorily protected activity, (2) an adverse employment action occurred, and (3) the adverse action was causally related to the Plaintiff's protected activities." Little v. United Techs., Carrier Transicold Div., 103 F. 3d 956, 959 (11th Cir. 1997). However, the Supreme Court has recently modified the requirement of an adverse employment action. In Burlington Northern and Santa Fe Ry. Co. v. White, _____ U.S. _____, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006), the Court held that a Plaintiff can satisfy this element by

5

AO 72A
(Rev.8/82)

showing "that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."

Defendant initially argued that the failure of Ms. Hill to complete the supervisor's section of the recurrence claim form did not rise to "the requisite level of materiality under any objectively reasonable standard." (Defendant's Brief [10] at 4). He further argued that because Plaintiff was ineligible for a recurrence claim in any event, Plaintiff suffered no harm from Ms. Hill's refusal to complete the form. (Id. at 4-5).

The Court finds that under the standard enunciated in White, Plaintiff has met his burden. The refusal of a supervisor to complete a compensation form for an employee in retaliation for his engaging in protected activity could reasonably be expected to discourage that employee from engaging in such activities. Therefore, the Court finds that Plaintiff has established this element of the *prima facie* case.[1]

---

[1] Defendant argues for the first time in his Reply Brief that Plaintiff has failed to establish any causal connection between Ms. Hill's failure to complete his report and his alleged protected activity directed at her supervisor, Ms. Austin. (Reply Brief [20] at 2). Plaintiff's conclusory statement that "Ms. Austin, in retaliation for Plaintiff's prior EEO activity, instructed Plaintiff's direct supervisor Ms. Hill not to complete" the form is all that Plaintiff offers in support of his claim. (Response Brief [16] at 3). There is no evidence in the

Finally, Defendant argues that even if the Court finds that Plaintiff has established a *prima facie* case, Plaintiff has failed to present evidence of pretext to challenge the legitimate, non-discriminatory reason for Ms. Hill's actions. Ms. Hill did not complete the portion of the report relating to his prior incident because she did not have knowledge of the incident. Plaintiff offers no evidence to the contrary. Further, Ms. Hill believed that Plaintiff could not file a recurrence claim after his original claim had been filed. Plaintiff offers no evidence to refute this belief. Therefore, the Court finds that Plaintiff has failed to offer any evidence of pretext for the legitimate non-discriminatory reason offered by Ms. Hill for her actions.

## Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment [10]

---

record substantiating this claim. On the contrary, the Injury Compensation Specialist who reviewed Plaintiff's claim states that Ms. Hill did not complete the section because she did not have knowledge of the incident. (Woods Dec. ¶7). She further states that because Plaintiff's original claim was denied, he was not eligible to file a recurrence claim. (Id. ¶8). On the present record, the Court would find that Plaintiff has failed to establish a causal connection and, thus, a *prima facie* case. However, because Defendant raised this issue for the first time in his Reply Brief, the Court does not rely upon it in granting Defendant's Motion for Summary Judgment. Reliance Ins. Co. of Ill. v. Richfield Hospitality Serv., 92 F. Supp. 2d 1329, 1332 (N.D. Ga. 2000).

7

AO 72A
(Rev.8/82)

is hereby **GRANTED**.  Defendant's Motion to Dismiss [10] is **DENIED**, **AS MOOT**.

**SO ORDERED**, this   19th   day of November, 2007.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)